# IN THE UNITED STATES DISTRICT COURT FOR NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>  ) <br> **Plaintiff,** )<br>  )<br> v. )<br>  )<br> **MAGELLAN PIPELINE COMPANY, L.P** )<br>  )<br> **Defendant.** )<br>  ) | Case No. 10-CV-0028-CVE-FHM |

## CONSENT DECREE

A.   WHEREAS, Plaintiff the United States of America, on behalf of the United States Environmental Protection Agency (EPA), has filed a Complaint in this action concurrently with this Consent Decree against Defendant Magellan Pipeline Company, L.P. ("Magellan") under Section 311 of the Clean Water Act ("CWA"), 33 U.S.C. § 1321 et. seq.

B.   WHEREAS the Complaint alleges that Magellan was the owner and operator of a petroleum pipeline from which there was a release of gasoline in violation of Section 311 of the CWA on January 5, 2008 in Oologah, Oklahoma.

C.   WHEREAS, Settling Defendant does not admit any liability to the United States arising out of the facts alleged in the Complaint.

D.   WHEREAS, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

**United States v. Magellan (N.D. Okla)**
**Consent Decree - Page 1.**

NOW, THEREFORE, before taking testimony and without the adjudication or admission of any issue of fact or law except as provided in Section I, below, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of the United States' claims in this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 311 (b)(7)(E) and 311(n) of the CWA, 33 U.S.C. §§ 1321(b)(7)(E); 1321(n). The Court has personal jurisdiction over the Parties to this Consent Decree. Venue lies in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c), and 1395(a), because the discharge alleged in the Complaint occurred in, and Magellan conducts business in, this judicial district. For purposes of this Decree, or any action to enforce this Decree, Magellan consents to the Court's jurisdiction and to venue in this judicial district.

## II. APPLICABILITY

2. The obligations of this Consent Decree apply to and are binding upon the United States, and upon Magellan, and any successors, assigns or other entities or person otherwise bound by law.

3. In any action to enforce this Consent Decree, Magellan shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## III. DEFINITIONS

4. Terms used in this Consent Decree that are defined in the CWA, or in

regulations promulgated thereunder, shall have the meanings assigned to them in such statute or such regulations, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

"Calendar Year" or "Year" shall mean the period of time consisting of 365 or 366 days beginning on January 1 and continuing to and including December 31.

"Complaint" shall mean the complaint filed by Plaintiff in this action, unless noted otherwise.

"Consent Decree" or "Decree" shall mean this Decree.

"Day" shall mean a calendar day unless expressly stated to be a working day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

"Date of Lodging" shall mean the day that this Consent Decree is lodged with the Court for the public comment period pursuant to Section IX.

"Defendant" or "Magellan" shall mean Magellan Pipeline Company, L.P.

"Discharge" shall mean the release of gasoline that occurred  in Oologah, Oklahoma on January 5, 2008, from the pipeline owned and operated by Magellan.

"Effective Date" shall mean the day that this Consent Decree is entered and signed by the Court.

"EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies.

"Interest" shall mean interest at the rate specified in 28 U.S.C. § 1961.

"Paragraph" shall mean a portion of this Decree identified by an Arabic numeral.

"Parties" shall mean the United States and Magellan.

"Plaintiff" shall mean the United States.

"Section" shall mean a portion of this Decree identified by a Roman numeral.

"United States" shall mean the United States of America, acting on behalf of EPA.

## IV. PAYMENT OF CIVIL PENALTY

5. Within thirty (30) days of the Effective Date of this Consent Decree, Magellan shall pay a civil penalty of Four Hundred and Eighteen Thousand Dollars ($418,000) to the United States for the violation alleged in the Complaint plus Interest calculated from the Date of Lodging of the Decree.

6. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with instructions to be provided to Magellan, following lodging of this Consent Decree, by the Financial Litigation Unit of the U.S. Attorney's Office for the Northern District of Oklahoma. The payment shall reference the Civil Action Number assigned to this case and DOJ Number 90-5-1-1-09674. The payment shall specify that the payment of civil penalties is for violations of the Clean Water Act and is to be deposited into the Oil Spill Liability Trust Fund pursuant to 33 U.S.C. § 1321(s) and 26 U.S.C. § 9509(b)(8). Any funds received after 4:00 p.m. Eastern Time shall be credited on the next business day. At the time of payment, Magellan shall simultaneously send written notice of payment and a copy of any transmittal documentation to Plaintiff in accordance with Section VII of this Decree (Notices) and to:

> Commander Robert W. Bruce
> United States Coast Guard
> Office of Claims and Litigation

**United States v. Magellan (N.D. Okla)**
**Consent Decree - Page 4.**

2100 Second Street, S.W.
Washington, D.C. 20593-0001

7. Magellan shall not deduct the civil penalties paid under this Section in calculating its federal income tax.

8. If Magellan fails to make the payment required under this Section when due, Magellan shall pay a stipulated penalty of five thousand dollars ($5,000) to Plaintiff per day for each day that the payment is late in addition to Interest under Paragraph 5 above. Late payment of the civil penalty shall be made in accordance with payment instructions set forth in Paragraph 6 above.

## V. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

9. This Consent Decree resolves the United States' claim for civil penalties for the Discharge alleged in the Complaint. The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree. This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in this Paragraph 9.

10. In any subsequent administrative or judicial proceeding reserved herein and initiated by the United States for unreimbursed costs, damages, remediation, or other appropriate relief relating to Magellan's violations, Magellan shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case. Except as provided herein, Magellan reserves its defenses to any such action.

11. This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations. Magellan is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits; and Magellan's compliance with this Consent Decree shall be no defense to any action commenced pursuant to said laws, regulations, or permits. Plaintiff does not, by its consent to the entry of this Decree, warrant or aver in any manner that Magellan's compliance with any aspect of this Consent Decree will result in compliance with provisions of the CWA, or with any other provisions of federal, state, or local laws, regulations, or permits.

12. This Consent Decree does not limit or affect the rights of Magellan or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Magellan except as otherwise provided by law.

13. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

14. Magellan hereby covenants not to sue and agrees not to assert any claims related to the Discharge alleged in the Complaint, or response activities or natural resource damages in connection with that Discharge, against the United States pursuant to the CWA, OPA, or any other federal law, state law, or regulation including, but not limited to, any direct or indirect claim for reimbursement from the Oil Spill Liability Trust Fund, as defined in Section 1001 of OPA, 33 U.S.C. § 2701(11).

## VI.  COSTS

15. The Parties shall bear their own costs of this action, including attorneys' fees.

## VII.  NOTICES

16. Unless otherwise specified herein, whenever notifications, submissions, reports or communications are required by this Consent Decree, they shall be made in writing and addressed to all parties as follows:

United States:

As to the U.S. Department of Justice:

> Chief (re: DJ #90-5-1-1-09674)
> Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Washington, DC  20044-7611

As to EPA Region 6:

> Bryant Smalley
> US EPA Region 6, 6SF-PC
> 1445 Ross Ave.
> Dallas, TX 75202

As to Defendant Magellan:

> Paul E. Pratt
> Associate General Counsel
> Magellan Pipeline Company, L.P.
> One Williams Center, Suite 2800
> Tulsa, Oklahoma  74121-2186
>
> David R. Tripp
> Stinson Morrison and Hecker LLP
> 1201 Walnut, Suite 2900
> Kansas City, MO 64106

17. Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

18. Notices submitted pursuant to this Section shall be deemed submitted upon

mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## VIII.  MODIFICATION

19. The terms of this Consent Decree may be modified only by a subsequent written agreement signed by all the Parties.  Where the modification constitutes a material change to any term of this Decree, it shall be effective only upon approval by the Court.

## IX. TERMINATION

20. After Defendant has completed performance of its obligations required by this Consent Decree, including payment of the civil penalty under Section IV of this Decree and any accrued stipulated penalties, Defendant may serve upon the United States a written Request for Termination, stating that Defendant has satisfied those requirements, together with all necessary supporting documentation.

21. Following receipt by the United States of Defendant's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Defendant has satisfactorily complied with the requirements for termination of this Consent Decree. If the United States agrees that the Decree may be terminated, the United States shall file, for the Court's approval, a joint stipulation terminating the Decree.

22. If the United States does not agree that the Consent Decree may be terminated, the Defendant may petition the Court for relief. Defendant, however, shall not petition the Court until ninety (90) Days after service of its Request for Termination.

## X.  PUBLIC PARTICIPATION

23. This Consent Decree shall be lodged with the Court for a period of not less than

thirty (30) Days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding this Consent Decree disclose facts or considerations indicating that this Consent Decree is inappropriate, improper, or inadequate.  Magellan  agrees not to oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Magellan in writing that it no longer supports entry of the Decree.  Magellan consents to entry of this Consent Decree without further notice.

## XI.  SIGNATORIES/SERVICE

24. The Acting Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice, on behalf of the United States, and the undersigned representative(s) of Defendant Magellan, each certify that they are fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party that party to the terms of this Decree.

25. This Consent Decree may be signed in counterparts, and such counterpart signature pages shall be given full force and effect.

26. Magellan agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.  The Parties agree that Magellan need not file an answer to the Complaint in this action unless or until this Court expressly declines to enter this Consent Decree.

## XII.  FINAL JUDGMENT

27. Upon approval and entry of this Consent Decree by the Court, this Consent

Decree shall constitute a final judgment between the United States and Defendant Magellan.

28.     The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment.

This Consent Decree is dated and entered this 26th day of March, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT